Slip Op. 16-105

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **GANZ U.S.A., LLC f/k/a GANZ INC., GANZ, and OWEN ROGERS,** | |
| Petitioners, | |
| v. | **Before: Jane A. Restani, Judge** |
| **UNITED STATES,** | **Court No. 16-01001** |
| Respondent. | |

## OPINION AND ORDER

[Petition to perpetuate testimony granted.]

Dated: November 15, 2016

John M. Peterson and Elyssa R. Emsellem, Neville Peterson LLP, of New York, NY, argued for petitioners. On the brief was Russell A. Semmel.

Jason M. Kenner, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, argued for respondent. With him on the brief were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director, and Amy M. Rubin, Assistant Director.

Restani, Judge: Before the court is petitioners' Ganz U.S.A., LLC f/k/a Ganz Inc. ("Ganz USA"), GANZ, and Owen Rogers (collectively, "Ganz"), verified petition to perpetuate testimony seeking authorization to depose Lawrence J. Mruk, a retired former supervisory import specialist with U.S. Customs and Border Protection ("Customs") stationed at the Port of Buffalo, New York. Verified Pet. of Ganz U.S.A., LLC, Ganz, and Owen Rogers for Dep. to Perpetuate Test. 1, ECF No. 1 ("Pet."). Respondent United States ("the government") opposes Ganz's petition. Opp'n to the Verified Pet. of Ganz U.S.A., LLC; Ganz, A Canadian Partnership; and Owen Rogers for Dep. to Perpetuate Test. 1, ECF No. 9 ("Gov't Opp'n"). The court orally

granted the petition at a hearing on November 8, 2016, and now, as it previously indicated,

provides this written opinion.

Ganz USA is an importer and re-seller "of gift offerings, collectibles, seasonal gifts, and

home decor products" including "plush animals, giftware, fashion accessories, and fragrant

candles for the home."  Pet. Ex. B at 3.  Ganz believes the government will file an action against

it pursuant to 28 U.S.C. § 1582 to collect nearly $22.7 million in civil penalties under 19 U.S.C.

§ 1592 and withheld duties for gross negligence and improper delay in implementing a

December 19, 2007, Customs ruling pertaining to the customs valuation of certain imported

giftware and toys.  Pet. at 1, 2–3, 10.  In fact, Customs has already made demands for these

penalties.  Pet. Exs. Q, R, V.  Ganz argues that it has a defense:  while a reconsideration request

of the Customs ruling was pending, Customs officials at the Port of Buffalo allowed Ganz to

postpone implementation of the appraisement method prescribed in the December 19, 2007

ruling—a postponement that Customs now does not acknowledge.  Pet. at 5, 10; see also HQ

H006576 (Dec. 19, 2007); HQ H026063 (Aug. 17, 2010).  Ganz believes Mruk has personal

knowledge of facts relating to this defense.  Specifically, Ganz, which has deposed another

retired Customs employee, Patricia M. Handzlik, pursuant to an agreed upon order of the court,

Order, Ganz U.S.A., LLC v. United States, No. 16-mc-01000 (June 1, 2016), ECF No. 12, argues

that Handzlik "indicated that [Mruk] had . . . responsibility" over an agreed upon postponement

to the implementation of a new method of Customs appraisement and the submission of

Compliance Improvement Plan ("CIP") by Ganz.  Pet. at 10; see Pet. Ex. A at 21, 24.

In order "to perpetuate testimony about any matter cognizable in this court" and before an

action is filed, a party must file a "verified petition" pursuant to U.S. Court of International

Trade ("USCIT" or "CIT") Rule 27.  That rule provides:

The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony.  The petition must be titled in the petitioner's name and must show:
>    (A) that the petitioner expects to be a party to an action cognizable in this court but cannot presently bring it or cause it to be brought;
>    (B) the subject matter of the expected action and the petitioner's interest;
>    (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>    (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>    (E) the name, address, and expected substance of the testimony of each deponent.

USCIT R. 27(a)(1).  As the CIT has not previously issued an opinion interpreting this rule, the court finds instructive the opinions of other federal courts construing the analogous Federal Rule of Civil Procedure 27.  See Fed. R. Civ. P. 27(a)(1); VirtualAgility Inc. v. Salesforce.com, Inc., 759 F.3d 1307, 1319 (Fed. Cir. 2014) ("This rule gives district courts the authority to grant a petition authorizing a deposition to perpetuate testimony even before a lawsuit has been brought[.]"); see also USCIT R. 1 ("The court may refer for guidance to the rules of other courts.").

A petitioner must demonstrate (1) "[a]n expectation that a suit will be filed that cannot be then filed," (2) "[t]he substance of the testimony the petitioner expects to elicit and the reasons the testimony is important," i.e., that the testimony is "known" to the petitioner, and (3) "[a] risk that testimony will be lost if not preserved."  5 J. Moore, Moore's Federal Practice § 27.13[1], p. 24 (3d ed. 2015) (hereinafter 5 Moore's); see also USCIT R. 27(a)(1); Ash v. Cort, 512 F.2d 909, 912 (3d Cir. 1975) ("Rule 27 is not a substitute for discovery. . . . [but instead] is available in special circumstances to preserve testimony which could otherwise be lost."); In re Yamaha Motor Corp., U.S.A., 251 F.R.D. 97, 99–100 (N.D.N.Y. 2008) ("[Petitioner] is required to make an objective showing that without a Rule 27 hearing, known testimony would otherwise be lost,

concealed, or destroyed." (emphasis added)); In re Petition of Allegretti, 229 F.R.D. 93, 96

(S.D.N.Y. 2005); In re Checkosky, 142 F.R.D. 4, 7 (D.D.C. 1992).  Typically, "[a] district court

must order discovery if satisfied that perpetuating the testimony may prevent a failure or delay of

justice."  5 Moore's § 27.02[1], p. 7.

      First, Ganz has demonstrated a reasonable expectation of future litigation.  Ganz has

presented evidence that Customs served Ganz with notices of penalty, and that both Customs and

the Department of Justice ("DOJ") have threatened Ganz with bringing an action.  Pet. Ex. T at

3; see id. Exs. S, V.  The government argues that, although the current waiver of the statute of

limitations, signed by Ganz, extends the statute of limitations until July 1, 2017, Ganz could

force the government to file a penalty action by Ganz simply not further extending the waiver

until mid-2019, as DOJ has requested.  See Gov't Opp'n at 2 n.2.  Even if this is true, at this

point, where the waiver has not been signed, litigation is still imminent and expected.  And, it

would be inappropriate to punish Ganz for seeking an administrative resolution to the dispute.

See Penn Mut. Life Ins. Co. v. United States, 68 F.3d 1371, 1374 (D.C. Cir. 1995) (determining

that perpetuation might be appropriate even though the petitioner, which was in the middle of an

Internal Revenue Service administrative process, could still seek full relief through that process).

Moreover, Ganz would be a defendant in a 28 U.S.C. § 1582 action, meaning Ganz itself cannot

bring the action.  See Martin v. Reynolds Metals Corp., 297 F.2d 49, 55 (9th Cir. 1961) ("The

position of one who expects to be made a defendant is different, and we think that such a

defendant should be, and is, entitled to use the Rule, upon a proper showing, to preserve

important testimony that might otherwise be lost.").  Indeed, according to Ganz, approximately

$22.7 million in civil penalties and withheld duties is at stake in a potential action, Pet. at 1, 2–3,

and it appears unlikely the government would forego litigation to recover such a large sum if the

administrative process does not yield a resolution.  Thus, Ganz has met its burden of

demonstrating an expectation of litigation.

Second, the testimony sought is reasonably known to Ganz and unique to Mruk.

Regarding the postponement of implementation of a new appraisal method, Ganz provided

evidence to support its reasonable belief that Mruk had knowledge of a March 26, 2010, phone

call at which postponement of implementation was apparently acknowledged.  Pet. Ex. A at 7,

15; Pet. Ex. C. ¶ 9.  And, Handzlik testified that Mruk wrote a portion of an email dated April

25, 2011, which auditor Fred R. Lowenberg sent, providing the port's position that it "can no

longer afford to postpone the application of the HQ reconsideration ruling HQ H026063 to

Ganz'[s] future entries."  Pet. Ex. N at 1; see Pet. Ex. A at 21, 24 ("Mr. Mruk wrote that for Mr.

Lowenberg.").  Regarding the CIP, Ganz also provided evidence that Mruk had involvement

with Ganz during the development and implementation of that plan.  Pet. Ex. J at 1.  Although

the exact testimony cannot be elicited until an actual deposition has been conducted, Ganz has

demonstrated that the scope and nature of the Mruk's potential testimony is largely known.  5

Moore's § 27.13[3], p. 26 ("Experience teaches that advance knowledge of testimony is seldom

more than petitioner has a reasonable basis to expect will be given."); Deiulemar Compagnia di

Navigazione S.p.A. v. M/V Allegra, 198 F.3d 473, 486 (4th Cir. 1999) (explaining that a district

court must determine only that the petitioner "largely knew the substance of the information that

it sought to preserve").

Third, despite the government's arguments to the contrary, the testimony runs the risk of

being lost due to Mruk's age and the passage of time since the relevant events occurred.  Courts

have explained that "the advanced age of the proposed deponents" is a relevant factor.  See, e.g.,

Penn Mut. Life Ins., 68 F.3d at 1374, 1375.  In evaluating a potential deponent's age as it affects

the risk that testimony may be lost, courts have suggested that persons of ages in the same ballpark as Mruk may be persons for whom perpetuation of testimony is appropriate.  See VirtualAgility, 759 F.3d at 1319 (indicating in dicta that preserving testimony may be appropriate where potential deponents were "over 60" and "over 70"); see also Penn Mut. Life Ins., 68 F.3d at 1375 (eighty-one years old); Texaco, Inc. v. Borda, 383 F.2d 607, 609 (3d Cir. 1967) (seventy-one years old); De Wagenknecht v. Stinnes, 250 F.2d 414, 417 (D.C. Cir. 1957) (seventy-four years old).  Furthermore, in Texaco, the court reasoned that there was a risk that testimony would be lost, in part, because "the memory of events already dating back some eleven years grow dim with the inexorable march of time, even on the part of one on the sunny side of the proverbial three score and ten years."  383 F.2d at 609 (footnote omitted).  Not only is Mruk, who is sixty-eight years old, of an age similar to that discussed by other courts, but also the events at issue occurred over five to nine years prior to this action, thereby increasing the risk that his memory regarding the relevant conduct may be fleeting.  Furthermore, Mruk is retired from federal service and, therefore, not subject to the direction by his former government employer to provide testimony, and is not prohibited from moving to a location that may prove inconvenient to the parties.  Rather than being a fishing expedition seeking fact discovery, as the government argues, Ganz appears to be legitimately seeking an opportunity to preserve the type of testimony that USCIT Rule 27 was designed to preserve.

        For the foregoing reasons and having determined that the government's remaining arguments lack merit, the petition is granted.  It is hereby

        ORDERED that the verified petition is GRANTED; and it is further

ORDERED that the oral deposition of former U.S. Customs and Border Protection

supervisory import specialist Lawrence J. Mruk is permitted under the following terms and

conditions:

1. The deposition shall be conducted in Buffalo, New York, or in another location convenient to Mruk;

2. The deposition shall be conducted prior to January 17, 2017, on a date agreed to by the government, which agreement shall not be unreasonably withheld;

3. The deposition shall continue for no more than four hours of examination time, which is exclusive of breaks, intermissions or, if necessary, calls to the court to resolve issues;

4. The deposition shall be limited to Mruk's personal knowledge of or involvement with issues pertaining to this petition concerning the events of the period December 19, 2007, through May 1, 2011, including the issuance or implementation of Customs headquarters rulings H006576 and H026063; and it is further

ORDERED that the verified petition is granted solely for the purpose of perpetuating

testimony by deposition, as described herein.  Other forms of discovery that would otherwise be

available during litigation under USCIT Rule 26 are not permitted, but petitioners reserve the

right to conduct discovery in future proceedings under USCIT Rule 26, subject to any

restrictions a court may order; and it is further

ORDERED that the testimony perpetuated in accordance with this order is to be used

only in a judicial enforcement proceeding that the United States may bring against the

petitioners, as described in the verified petition, or in another judicial proceeding as permitted by

USCIT Rule 27(a)(4).  No additional deposition of Mruk may be taken with regard to any area of

inquiry identified in this order, except with leave of the court.

        /s/ Jane A. Restani
          Jane A. Restani
                Judge

Dated: November 15, 2016
        New York, New York